h CANNIZZARO, J.,
dissents with reasons.
In LeBlanc v. Stevenson, 2000-0157, p. 3 (La.10/17/00), 770 So.2d 766, 770, the Louisiana Supreme Court stated that “[although the appellate court must accord deference to the trial court, it is cognizant of our constitutional duty to review facts, not to decide if it, as a reviewing court, would have found the facts differently, but to determine whether the trial court’s verdict was manifestly erroneous, clearly wrong based on the evidence, or clearly without evidentiary support.” (Emphasis added). Additionally, in Mart v. Hill, 505 So.2d 1120 (La.1987), the Supreme Court set forth a two-part test for appellate courts to use in reviewing facts. Under that test the appellate court must (1) find from the record that there is a reasonable factual basis for the trial court’s factual findings and (2) determine that the record establishes that the finding is not clearly wrong or manifestly erroneous. Id. at 1127. Further, “if an appellate court concludes that the trial court’s factual findings are clearly wrong, the mere fact that some record evidence appears which would furnish a reasonable factual basis for the contested findings does not require affir-mance.” Id. (Emphasis in original).
In the instant case, I find that the trial court’s decision was clearly without eviden-tiary support, and that there was not a reasonable factual basis for the trial court’s factual findings. Therefore, I must respectfully dissent from the majority opinion.
The trial court and the majority opinion have concluded that the improper installation of the screen in the window from which Darione Benjamin fell was the cause of the child’s fall. The following facts were used to reach this conclusion:
1.The Housing Authority of New Orleans (“HANO”) failed to properly install a screen in a window in an apartment rented by HANO to Ta-meko Benjamin;
2. A few days after the screen was installed, Darione Benjamin, who was two and a half years old at the time, leaned on the screen and fell out of the window where the screen was installed; and
3. A properly installed screen should withstand the tension associated with the slight use of force. (The trial court assumed, without stating the basis for the assumption, that the force exerted by a child leaning against a window screen could not cause a properly installed screen to be pushed out of a window.)
The evidence that was presented at trial regarding the screen consisted of the testimony of Darione’s mother that she had accepted the screen installation and that she did not make any complaints to HANO regarding the installation. The fact that Ms. Benjamin accepted the installation of the screen indicates that there was no obvious sign that the screen was improperly installed. Because Ms. Benjamin was asleep when the accident occurred, she was not in a position to testify regarding what the children had been doing immediately prior to the accident. Additionally, there was no evidence at all regarding the condition of the screen immediately prior to the children’s naps. There was simply insufficient evidence offered by the plaintiff to carry her burden of proof as to causation. The trial court did not have any evidence from which it could have concluded that HANO improperly or negligently installed the screen.
In Lacey v. Louisiana Coca-Cola Bottling Co., 452 So.2d 162 (La.1984), the Louisiana Supreme Court discussed the use of circumstantial evidence as follows:
*1215 In a civil case, the plaintiffs burden is to prove her case by a preponderance of the evidence. This burden may be met by direct or circumstantial evidence. If, as in this case, circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty. This does not mean, however, that it must negate all other possible causes.
Id. at 164 (emphasis in original).
The trial court concluded that the only reasonable hypothesis to explain Darione’s fall was that HANO did not properly install the screen and, therefore, caused the fall. Although improper installation of the screen could have been the cause of the fall, there are other reasonable hypotheses that could also explain the fall, and none of these were excluded with any amount of certainty. For example, Ms. Benjamin’s daughters could have been playing with the screen while Ms. Benjamin was asleep in her room, and this could have caused the pins holding the screen in place to become dislodged. Darione’s bed was next to the window, and it is entirely possible that she or her sister kicked or otherwise hit the screen when they woke from their naps, because they were bored or intrigued by the new screen. This might have caused the screen to become loose. Someone else in the home might have opened the screen and unintentionally left it open such that Darione could have easily fallen out of the window. Therefore, I do not find that Ms. Benjamin has proved by a preponderance of the evidence that Dar-ione’s injuries were caused by the actions of HANO, since she did not exclude with a fair amount of certainty every other reasonable hypothesis for the fall.
The record is simply devoid of evidence, both favorable and unfavorable, and both direct and circumstantial. Therefore, the finding that HANO was negligent in installing the screen is without any eviden-tiary support.
Darione’s fall was a very unfortunate incident, and her situation is a very sympathetic one. Nevertheless, I cannot hold HANO responsible for her injuries absent any evidence to support HANO’s culpability-
Based on the foregoing discussion, I respectfully dissent from the majority decision in this ease. I would reverse the decision of the trial court and dismiss Ms. Benjamin’s claims.